**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-5208**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TERRANCE DEVON MACK,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:07-cr-00296-NCT-1)

─────────────

Submitted: August 26, 2009      Decided: September 4, 2009

─────────────

Before GREGORY and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Devon Mack appeals the district court's judgment entered pursuant to his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), in which Mack reserved the right to appeal the denial of his motion to suppress evidence. He was sentenced to seventy-two months' imprisonment and filed a timely notice of appeal. Mack argues that his arrest was not supported by probable cause because it was based upon an anonymous telephone call and there was not sufficient evidence to connect him, rather than the other suspects at the scene, to the firearm. He contends the statements he made after his arrest should have been suppressed because they resulted from an illegal arrest, and the statement he made after being given a Miranda[*] warning should have been suppressed because the warning did not cure the taint of the illegal arrest or inform Mack that his earlier voluntary statements were not admissible as evidence against him.

We review the district court's factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). When a suppression motion

_____

[*] Miranda v. Arizona, 384 U.S. 436 (1966).

2

has been denied, we construe the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

"[O]nly the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." Illinois v. Gates, 462 U.S. 213, 235 (1983) (internal quotation marks and citation omitted). The district court correctly found that Mack's arrest was supported by probable cause. He was discovered in an apartment into which a suspect had fled following a call that reported an intended retaliatory shooting at the location where he was first observed, he matched the description of the individual reported to be in possession of a firearm, he exited a bedroom in which the firearm and other contraband were discovered, and he was known to be a convicted felon. The evidence established a high probability that Mack was, at the least, a felon in possession of a firearm, the offense for which he was ultimately charged.

A statement is voluntary if it is "the product of an essentially free and unconstrained choice by its maker." Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973). An analysis of the voluntariness of a statement is derived from the totality of the circumstances. Id. at 226. The relevant determination regarding voluntariness is whether government

3

agents have overborne the defendant's will or left his "capacity for self-determination critically impaired." <u>Id.</u> at 225.

Taking the evidence in the light most favorable to the Government, the district court did not clearly err in finding that the police officers did nothing to elicit Mack's voluntary statements claiming ownership of the firearm after his arrest. The fact that he may have seen the police remove the firearm from the apartment while he was detained does not, without more, establish circumstances under which he should have felt compelled to make a statement regarding his ownership of the weapon. Accordingly, the district court did not err in denying the motion to suppress.

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>